# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

───────────

No. 13-60310
Summary Calendar

───────────

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2014

Lyle W. Cayce
Clerk

Consolidated w/ 13-60359


CHARLES P. PRIDE,

                    Plaintiff-Appellant

v.

CITY OF BILOXI, MISSISSIPPI; BILOXI COMMUNITY DEVELOPMENT
DEPARTMENT; JERRY CREEL, Director Community Development,
Individually and in his official capacity; TIM CIPPOLA, Individually and in
his official capacity; MIKE ANDREWS, Individually and in his official
capacity; UNKNOWN DEFENDANTS; A. J. HOLLOWAY, Mayor of the City
of Biloxi, in his official capacity; GEORGE LAWRENCE, Alderperson in his
official capacity; WILLIAM STALLWORTH, Alderperson in his official
capacity; CHARLES HARRISON, Alderperson in his official capacity; MIKE
FITZPATRICK, Alderperson in his official capacity; TOM WALL,
Alderperson in his official capacity; ED GEMMILL, Alderperson in his official
capacity; DAVID FAYARD, Alderperson in his official capacity; BILOXI
CODE ENFORCEMENT,

                    Defendants-Appellees


───────────

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CV-100

───────────

No. 13-60310 c/w. No. 13-60359

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Charles P. Pride brought this action after the City of Biloxi demolished a structure on his property and cleared trash and debris from his lot. He asserted various civil rights claims pursuant to 42 U.S.C. § 1983, a takings claim, and various tort and conspiracy claims. The district court dismissed most of the claims pursuant to Federal Rule of Civil Procedure 12 and then granted summary judgment on the remaining claims. Pride now appeals.

Reviewing the record de novo, *see, e.g., Curtis v. Anthony*, 710 F.3d 587, 593 (5th Cir. 2013), we affirm for the same reasons articulated by the district court. With the benefit of liberal construction, Pride argues that he suffered an unconstitutional taking and that the defendants engaged in a malicious enforcement action, resulting in improper demolition and clearing of his lot without due process. To the extent that Pride argues there was a taking, the district court correctly held that Pride's claims are not ripe. *See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194-95, 105 S. Ct. 3108, 3120-21 (1985). Furthermore, the record shows that the defendants complied with the notice requirements for a code enforcement action and demolition under Mississippi law. *See* Miss. Code Ann. § 21-19-11. Pride's rambling and conclusory arguments to the contrary may not prevent summary judgment. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.